## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| IN THE MATTER OF APPROXIMATELY | : | CIVIL ACTION NO. 24-CV-647 |
| 8,547.25 USDT IN OKX WALLET | : | |
| ADDRESS ENDING IN KW6yTNK | : | |
| WITH USER ID ENDING IN 5248; AND | : | |
| APPROXIMATELY 0.0458045 BTC IN | : | |
| PAXFUL ADDRESS ENDING IN Fit9cYfN | : | |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

### NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States 8,547.25 USDT from wallet address ending in KW6yTNK at the OKX Cryptocurrency Exchange and 0.0458045 BTC from wallet address ending in Fit9cYfN at the Paxful Cryptocurrency Exchange, collectively representing proceeds traceable to a violation of wire fraud, in violation of 18 U.S.C. § 1343, and representing property involved in a transaction or property derived from proceeds traceable to a violation of money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B)(i). Therefore, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), the defendant property is subject to forfeiture to the United States of America.

2. The defendant property was seized on or about April 17, 2024. The 0.0458045 BTC from the Paxful Exchange is in the custody of the United States Treasury. The 8,547.25 USDT from the OKX Exchange is currently in the custody of the OKX Exchange.

## JURISDICTION AND VENUE

3. The United States brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(b) & (c).

5. Venue is proper in this district, pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT IN REM

6. The defendant property consists of the following:

   a. Approximately 8,547.25 USDT from wallet address 39oYrDexvThWojiC3JMUkB5t9GCKW6yTNK with UUID: 284924540851765248 at OKX Cryptocurrency Exchange (hereinafter referred to as the "USDT at OKX"); and
   b. Approximately 0.0458045 BTC from wallet address 3FDNmT3YahWSmACyrXokBwwypnFit9cYfN at Paxful Cryptocurrency Exchange or Marketplace (hereinafter referred to as the "BTC at Paxful") (collectively, the "defendant property").

## FACTS

7. On March 12, 2024, victim P.S., a resident of Baton Rouge, Louisiana, received an email message, advising that his/her Norton Anti-Virus software order was in process and thanking him/her for renewing their subscription with LifeLock. An attached confirmation indicated that the victim had been charged $349.27 on March 12, 2024, for the renewal subscription. The email included a supposed phone number for Norton LifeLock.

8. The victim P.S. called the number supposedly for Norton LifeLock and spoke with someone whom the victim believed was an actual representative of Norton LifeLock. The supposed Norton LifeLock representative convinced the victim that the funds in his/her bank account was at risk and that, to protect the funds, he/she had to withdraw the funds from their bank account and deposit the funds, via a bitcoin ATM, into a supposed secure account created for him/her by Norton LifeLock.

9. Believing his/her money to be at risk, the victim withdrew approximately $9,000 in cash from his/her J.P. Morgan Chase Bank account in Baton Rouge, LA. On March 13, 2024, at approximately 2:20 p.m., the victim used a bitcoin ATM in Baton Rouge to convert approximately $8,800 of the money into .09698692 BTC, which the victim then transferred to a wallet address ending in D5vTEm.

10. After the victim deposited the money into the bitcoin ATM and transferred it to a wallet address, the victim feared that he/she may have been defrauded and contacted the East Baton Rouge Sheriff's Office ("EBRSO").

11. Sgt. Kristen McKnight of EBRSO conducted blockchain analysis and discovered that, prior to the deposit of the .09698692 BTC into the wallet address ending in D5vTEm, there were no funds in this address.

12. Sgt. McKnight also discovered that, within approximately one minute of the deposit of the .09698692 BTC, approximately .0969554 BTC was transferred to a second wallet address ending in vwudzj8. EBRSO found that, prior to the deposit of the .0969554 BTC into the wallet address ending in vwudzj8, there were no funds in this address.

13. On March 26, 2024, approximately .09691988 BTC was transferred from the wallet address ending in vwudzj8 into Paxful wallet address ending in Fit9cYfN. Prior to this deposit, there was a balance of .07276222 BTC in the Paxful wallet address ending in Fit9cYfN.

14. On March 26, 2024, just a few minutes after the deposit of the .09691988 BTC into the Paxful wallet address ending in Fit9cYfN, .1269543 BTC was transferred into an OKX wallet address ending in KW6yTNK.

15. Sgt. McKnight has investigated this same type of fraud scheme on numerous previous occasions. Based on her knowledge and experience, bad actors often impersonate representatives of legitimate companies and attempt to convince victims that they are actually victims of fraud and that, to safeguard their funds, the victim needs to withdraw funds from their bank accounts, deposit the funds into a bitcoin ATM, and then transfer the bitcoin to a supposed "secure" account that has been set up just for them. In reality, the supposed "secure" account is actually a wallet address set up and controlled by the bad actor; the victim often does not have access to this supposed "secure" wallet address.

16. The defendant property is believed to be the proceeds of a wire fraud offense because the bad actor knowingly devised a scheme to defraud the victim P.S. by employing material false representations via wire communications, namely by telling the victim that his/her money was at risk and that, to protect the money, it had to be withdrawn and deposited, via a Bitcoin ATM, into a supposed "secure" account. The defendant property is also believed to be the proceeds of a money laundering offense because the victim P.S.'s funds were traced to the OKX address and to the Paxful address, after having been transferred through a complex web of accounts in an apparent attempt to conceal the source of the funds.

## LAW

17.     18 U.S.C. § 981(a)(1)(A) provides that the following shall be subject to forfeiture to the United States:

> "Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 . . . of this title, or any property traceable to such property."

18.     18 U.S.C. § 981(a)(1)(C) provides that the following shall be subject to forfeiture to the United States:

> "Any property, real or personal, which constitutes or derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title) . . . ."

## BASIS FOR FORFEITURE

19.     The defendant property is subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), because it represents property constituting proceeds traceable to a violation of a wire fraud offense, and represents property involved in a transaction or property derived from proceeds traceable to a violation of money laundering

## CLAIM FOR RELIEF

20.     Based on the facts set forth and incorporated herein, the defendant property should be properly condemned and forfeited to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs

and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

          UNITED STATES OF AMERICA, by

          RONALD C. GATHE, JR.
          UNITED STATES ATTORNEY


          /s/ J. Brady Casey
          J. Brady Casey, LBN: 24338
          Assistant United States Attorney
          777 Florida Street, Suite 208
          Baton Rouge, Louisiana 70801
          Telephone: (225) 389-0443
          Fax: (225) 389-0685
          E-mail: john.casey@usdoj.gov